IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| HERBERT N. KENDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 2:24-CV-361-PPS-AZ |
| vs. | ) | |
| | ) | |
| THOMAS McDERMOTT, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Pro se Plaintiff, Herbert N. Kendrick, alleges that following a visit to the hospital, he was wrongfully arrested for criminal trespass, subjected to a strip search, detained for more than 100 days, and then the matter against him was dismissed. He asserts claims against the Mayor of Hammond, Thomas M. McDermott, Jr., four anonymous Hammond Police Officers "John Does 1-4," and the "Chief" of the Hammond Police Department. For the reasons articulated below, Defendants' motion to dismiss [DE 22] is granted.

### Background

This case was originally filed in the Northern District of Illinois, and transferred here on October 9, 2024. [DE 10.] The following are the facts as they are described in the complaint, which I will accept as true for present purposes.

After leaving a substance abuse treatment program at the Salvation Army's "Harbor Light" recovery program in Chicago, Kendrick began experiencing extremely

painful chest quivers and headaches. [DE 1 at 5.] Instead of seeking medical attention in Chicago, Kendrick chose to visit Franciscan Hospital in Hammond, Indiana. *Id.* Kendrick claims that after undergoing multiple tests, he "decided to surrender to the Hammond authorities with respect to an outstanding warrant [he] believed was active for failing to pay some court fines." [*Id.* at 6.] After the Hammond Police arrived, they told him there was no outstanding warrant. *Id.* Kendrick started to wait for his ride back to Chicago, but an officer told him he couldn't remain in the waiting room and he should leave. *Id.* According to Kendrick, it was pretty late and he "was aware of there being some racial tension in the area" so he "declined to leave." *Id.* One of the officers then placed him under arrest for criminal trespass. *Id.*

Kendrick was transferred to the Hammond City Jail and subjected to "an embarrassing strip search." *Id.* He was then transferred to the Lake County Jail in Crown Point, Indiana, where he "languish[ed] for 105 days before the matter was dismissed." *Id.* While he was in custody, he was assaulted with body wash and given unnecessary medications. *Id.*

Kendrick seeks compensatory damages in the amount of $10.2 million. [*Id.* at 7.] He asserts claims against Thomas M. McDermott, Jr. (Mayor of Hammond), four anonymous Hammond Police Officers, and the "Chief" of the Hammond Police Department under 42 U.S.C. §§ 1983, 1985, and 1986. Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), claiming Plaintiff has failed to plausibly allege any civil rights claim against defendants Thomas M. McDermott, Jr. or

Chief William Short, either in their individual or official capacities. [DE 22.]

## Discussion

Under Federal Rule of Civil Procedure 8(a), Kendrick's complaint is required to contain "a short and plain statement showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a).  Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  At this stage, I accept the complaint's allegations as true and draw all reasonable inferences in Kendrick's favor. *Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002, 1006 (7th Cir. 2021).  However, to avoid dismissal under Rule 12(b)(6), a claim for relief must be "plausible on its face." *Proft v. Raoul*, 944 F.3d 686, 690 (7th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Facial plausibility requires a plaintiff to plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Taha v. Int'l Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Seventh Circuit has explained that a plaintiff must plead facts that "suggest a right to relief that is beyond the speculative level," which requires alleging "enough details about the subject-matter of the case to present a story that holds together." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).  "[S]heer speculation, bald assertions, and unsupported conclusory statements" in the complaint fail to meet this burden.  *Taha*, 947 F.3d at 469.

I am aware of the Supreme Court's admonition that a document "filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and internal citations omitted). But while courts must give liberal construction to a *pro se* plaintiff's complaint, "it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

Regarding the claims against Mayor McDermott and the "Chief" of Hammond Police (whose name is not identified in the complaint but is Chief Short), Defendants contend these claims fail because Kendrick does not make any factual statements as to what these defendants allegedly did. It is true that, other than naming Mayor McDermott and Chief Short as defendants, the complaint lacks any allegations whatsoever as to what these individuals did to allegedly violate Kendrick's federal rights. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998); *see also Kunh v. Milwaukee Cnty.*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2 1206, 1207 (7th Cir. 1974) (approving dismissal of pro se complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption); *Kaiser v. Tiggs Canteen Service, Inc.*, No. 1:21-CV-131-WCL-SLC, 2021 WL 2138469, at *3 (N.D. Ind. May 26, 2021) (dismissing a § 1983 claim against a defendant

4

who was listed in the caption but not mentioned in the body of the complaint).  While section 1983 imposes liability on any "person," who, acting under color of state law, deprives an individual of a federal right, personal involvement is an element of every claim under 42 U.S.C. § 1983.  *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("[f]or a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights.").

Plaintiffs are required to associate specific defendants with specific claims, so that each is put on notice of the claims brought against him and can properly answer the complaint.  *See* Fed. R. Civ. P. 8(a)(2); *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Federal Rule of Civil Procedure Rule 8 if it notifies the defendant of the principal events upon which the claims are based).  But here, none of the information provided in the complaint is linked in any way to the defendants named in the caption.

While Kendrick suggests in his response that the doctrine of *respondeat superior* saves the claims against the Mayor and Chief of Police [DE 26 at 2], "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citation omitted); *see also Monell v. Department of Social Servs.*, 436 U.S. 658 (1978).

Kendrick's complaint has also failed to state a claim against Mayor McDermott

5

and the Chief of Police in their official capacity. A claim against a person in his or her "official capacity" is an alternative way of asserting a claim against a governmental entity, and in order to properly state a claim against a governmental entity, a plaintiff must allege that an official policy, practice or custom not only caused the constitutional violation, but was also the "moving force" behind it. *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) (to allege a viable official capacity suit against a municipal officer, "the entity's 'policy or custom' must have played a part in the violation of federal law."). Kendrick's complaint pleads no such facts suggesting that a policy, practice, or custom of the Mayor or the Chief of Police led to the alleged constitutional violation. Kendrick highlights specific actions in his reply [DE 26 at 3], but the only specific allegations in the complaint are about the John Doe officers - who told him to leave the hospital, arrested him, and strip searched Kendrick, and actions taken against him at the Lake County Jail. But there is no evidence that the Hammond Chief of Police or Mayor of Hammond took part in these alleged deprivations, and there are no facts alleged to support any inference of a institutional custom. *See, e.g., Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("To succeed on this *de facto* custom theory, the plaintiff must demonstrate that the practice is widespread and that the specific violations complained of were not isolated incidents. At the pleading stage, then, a plaintiff pursuing this theory must allege facts that permit the reasonable inference that the practice is so widespread as to constitute a governmental custom.").

6

I've already found that Kendrick's complaint must be dismissed as to the Mayor and Chief of Police in both their individual and official capacities. The only other question is whether the case can proceed against the unidentified John Doe defendants. It cannot. As the Seventh Circuit Court of Appeals has recognized, "it is pointless to include lists of anonymous defendants in federal court [because] this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997).

Defendants request this case be dismissed with prejudice and cite cases they claim dismissed Section 1983 claims where the body of the complaint does not mention the named defendants are articulate what actions they took. *See, e.g., Kaiser*, 2021 WL 2138469, at *3; *Fields v. Griffith*, No. 1:19-CV-25-WCL-SLC, 2019 WL 4668161, at *2 (N.D. Ind. Sept. 25, 2019); *Fuller v. Cooper*, No. 3:22-CV-584-JD-MGG, 2022 WL 3279287, at *1 (N.D. Ind. Aug. 11, 2022). However, in *Fuller v. Cooper*, Judge Jon DeGuilio noted the deficiencies in the complaint but specifically granted the plaintiff an opportunity to file an amended complaint. *Id.* at *2. Here, Kendrick asks that the motion to dismiss be denied or, alternatively, the Court allow him leave to file an amended complaint. [DE 26 at 4.] A district court should generally grant leave to amend a complaint after granting a motion to dismiss unless any amendment would be futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519-20 (7th Cir. 2015). As articulated in this order, there are a number of deficiencies with this current complaint. But in the interest of justice, I will allow Kendrick an opportunity to

7

file an amended complaint only if he can address and rectify the shortcomings enunciated in this order.

## Conclusion

For all of the above-mentioned reasons, Defendants' Motion to Dismiss [DE 22] is GRANTED. This action is DISMISSED WITHOUT PREJUDICE in its entirety. If Plaintiff believes he can cure the deficiencies in his complaint pointed out in this opinion, he may file an amended complaint within 30 days from the date of this order.

**SO ORDERED**.

ENTERED: April 7, 2025

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT